IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARK GRANTHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08-3466-CV-S-GAF |
| WAL-MART STORES, INC., ) | |
| ) | |
| and ) | |
| ) | |
| SLB TOYS USA, INC. ) | |
| d/b/a/ TOY QUEST ) | |
| Defendants. ) | |

## **SEPARATE AMENDED ANSWER OF WAL-MART STORES, INC.**

COMES NOW the defendant Wal-Mart Stores, Inc., by and through its attorneys of record, Baker Sterchi Cowden & Rice, LLC, of Kansas City, Missouri and for its Amended Answer to plaintiff's Petition for Damages admits, denies, states and alleges:

1. Answering the allegations of Paragraph 1, admitted.

2. Answering the allegations of Paragraph 2, it is admitted that plaintiff was injured in Greene County, Missouri, but this case has been removed to Federal Court pursuant to 28 U.S.C. §§1441 and 1332.

3. Answering the allegations of Paragraphs 3 and 4, admitted.

4. Answering the allegations of Paragraphs 5 and 6, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and the same are, therefore, denied as stated save it is specifically denied that the inflatable slide collapsed causing plaintiff to strike his head on the concrete deck of the swimming pool.

5. Answering the allegations of Paragraph 7, denied as stated; in this

regard, it is admitted that certain aspects of the product may have been designed in part by SLB Toys and the product was distributed for sale to Wal-Mart by SLB Toys, but this defendant denies that the product was designed in its entirety by SLB Toys and further denies that this product was manufactured by SLB Toys.

6.     Answering the allegations of Paragraphs 8, 9, and 10, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and the same are, therefore, denied as stated.

7.     Answering the allegations of Paragraph 11, admitted.

8.     Answering the allegations of Paragraphs 12, 13, 14, 15, 16, and 17, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and the same are, therefore, denied as stated at this time together with any inferences therefrom, save it is admitted that plaintiff slid down the slide head first.

9.     Answering the allegations of Paragraph 18, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and the same are, therefore, denied as stated at this time, save it is specifically denied that the inflatable slide collapsed and did not provide sufficient support for the weight of plaintiff's head and body together with any inferences therefrom.

10.     Answering the allegations of Paragraph 19, denied as stated.

11.     Answering the allegations of Paragraph 20 of Count I, this defendant adopts and realleges the allegations of Paragraphs 1-10 of its Answer, above, and incorporates the same by reference as though fully set out herein.

12. Answering the allegations of Paragraph 21 of Count I, admitted.

13. Answering the allegations of Paragraph 22 of Count I, denied.

14. Answering the allegations of Paragraphs 23 and 24 of Count I, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and the same are, therefore, denied as stated at this time.

15. Answering the allegations of Paragraphs 25, 26, 27, 28, and 29 (subparagraphs a, b, c, d, e, f, g, h, i, and j, inclusive) of Count I, denied.

16. Answering the allegations of Paragraph 30 of Count II, this defendant adopts and realleges the allegations of Paragraph 1 through 15 of its Answer, above, and incorporates the same by reference as though fully set out herein.

17. Answering the allegations of Paragraph 31 of Count II, admitted.

18. Answering the allegations of Paragraph 32 of Count II, this defendant denies that the slide was negligently designed and/or manufactured as alleged, thus the warning suggested by plaintiff was not necessary or warranted.

19. Answering the allegations of Paragraphs 33, 34, 35, 36, 37, and 38 of Count II, denied.

20. Answering the allegations of Paragraph 39 of Count III, this defendant adopts and realleges the allegations of Paragraphs 1 through 18 of its Answer, above, and incorporates the same by reference as though fully set out herein.

21. Answering the allegations of Paragraph 40 of Count III, this defendant alleges that this paragraph and Count III generally does not appear to be asserted against this defendant and requires no response by this defendant, but to the extent

that any response is deemed to be required, this defendant denies the allegations of this paragraph as stated.

22. Answering the allegations of Paragraphs 41 and 42 of Count III, this defendant alleges that these paragraphs and Count III generally do not appear to be asserted against this defendant and require no response by this defendant, but to the extent that any response is deemed to be required, this defendant denies allegations of these paragraphs.

23. Answering the allegations of Paragraph 43 of Count III, this defendant alleges that this paragraph and Count III generally does not appear to be asserted against this defendant and requires no response by this defendant, but to the extent any response is deemed to be required, this defendant denies the allegations of this paragraph as stated.

24. Answering the allegations of Paragraphs 44, 45, 46, and 47 of Count III, this defendant alleges that these paragraphs and Count III generally do not appear to be asserted against this defendant and require no response by this defendant, but to the extent that any response is deemed to be required, this defendant denies the allegations of these paragraphs.

25. Answering the allegations of Paragraph 48 of Count IV, this defendant adopts and realleges the allegations of Paragraphs 1 through 23 of its Answer, above, and incorporates the same by reference as though fully set out herein.

26. Answering the allegations of Paragraphs 49, 50 and 51 of Count IV, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and the same are, therefore, denied as stated at

this time.

27. Answering the allegations of Paragraphs 52, 53, and 54 of Count IV, denied.

28. Answering the allegations of Paragraph 55 of Count IV, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and the same are, therefore, denied as stated at this time.

29. Answering the allegations of Paragraphs 56 and 57 of Count IV, denied.

30. Answering the allegations of Paragraph 58 of Count V, this defendant adopts and realleges the allegations of Paragraphs 1 through 28 of its Answer, above, and incorporates the same by reference as though fully set out herein.

31. Answering the allegations of Paragraph 59 of Count V, admitted.

32. Answering the allegations of Paragraph 60 of Count V, these allegations are merely a conclusory legal conclusion purportedly restating the content of the statute, but the statute speaks for itself and there are no facts asserted which require this defendant to admit or deny.

33. Answering the allegations of Paragraph 61 of Count V, denied.

34. Answering the allegations of Paragraph 62 of Count V, denied as stated inasmuch as an implied warranty of merchantability pursuant to R.S.Mo. §400.2-314 is implied by operation of law and these allegations, therefore, constitute a legal conclusion.

35. Answering the allegations of Paragraphs 63 and 64 of Count V, denied.

36. For further answer, this defendant alleges that plaintiff's Petition (Counts

I, II, III, IV, and V, inclusive), fails to state a claim against this defendant upon which relief can be granted under the laws of the state of Missouri.

37. For further answer and by way of affirmative defense, this defendant alleges that if it or SLB Toys was causally negligent and/or at fault, which is specifically denied, plaintiff Mark Grantham, the Central Assembly of God Church, and/or others not parties to this lawsuit were also causally negligent and/or at fault which causal negligence and/or fault, on a comparative basis, bars or diminishes plaintiff's right of recovery against this defendant, if any.

38. For further answer and by way of affirmative defense, this defendant alleges that one or more of plaintiff's claims are barred by reason of his misuse of the product, assumption of the risk, waiver, and/or estoppel.

39. For further answer and by way of affirmative defense, this defendant alleges that plaintiff has failed to mitigate his damages.

40. For further answer and by way of affirmative defense, this defendant alleges that one or more of plaintiff's claims are barred by reason of plaintiff's failure to give reasonable and timely notice pursuant to R.S.Mo. §400.2-607.

41. For further answer, this defendant alleges that plaintiff's damages and/or injuries, if any, were the result of an independent, intervening cause or event, and/or an act of omission or commission on the part of one or more persons or entities over whom this defendant had no control and is, therefore, not legally responsible.

42. For further answer and by way of affirmative defense, this defendant alleges that if any judgment is entered against this defendant, based on the events and allegations stated in plaintiffs' Petition, that judgment must be reduced by either

(1) the stipulated amount of all settlement agreements between plaintiffs and all other alleged tortfeasors, or (2) the amount of consideration all other alleged tortfeasors paid to plaintiffs for release or discharge, whichever is greater as provided by R.S.Mo. 537.060.

43. For further answer and by way of affirmative defense, one or more of plaintiff's claims against this defendant are barred by R.S.Mo. §537.762.

44. For further answer, this defendant reserves the right to amend its Answer, above, to assert other defenses during the course and/or at the completion of discovery.

WHEREFORE, having fully answered, defendant Wal-Mart Stores, Inc., demands judgment against plaintiff Mark Grantham and prays that the prayer of plaintiff's Petition for Damages be denied, that plaintiff go hence at his costs, and for such other and further relief as to the Court shall seem just and proper.

BAKER, STERCHI, COWDEN & RICE L.L.C.

/s/ Hal D. Meltzer
Hal D. Meltzer           MO #38535
Elizabeth Raines         MO #53192
Crown Center
2400 Pershing Road
Suite 500
Kansas City, Missouri 64108
(816) 471-2121 Telephone
(816) 472-0288 Facsimile

ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.

## DEMAND FOR TRIAL BY JURY

COMES NOW Defendant Wal-Mart Stores, Inc., by and through its attorneys of record, Baker Sterchi Cowden & Rice, L.L.C., of Kansas City, Missouri, and files this, its demand for trial by jury to twelve (12) herein. We reserve our right to demand pretrial conference when discovery is complete.

BAKER STERCHI COWDEN & RICE, L.L.C.

/s/ Hal D. Meltzer
Hal D. Meltzer      MO #38535
Elizabeth Raines      MO #53192
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288

ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served, this 14th day of May, 2009, to the following counsel of record:

Lynne Jaben Bratcher
Bratcher Gockel & Kingston, L.C.
1935 City Center Square
1100 Main Street
PO Box 26156
Kansas City, Missouri 64196-6156

R. Craig Ewing
Ewing & Ewing, P.C.
3601 S. Pennsylvania St.
Englewood, CO 80113

ATTORNEYS FOR PLAINTIFF

/s/ Hal D. Meltzer