IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK GRANTHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-3466-CV-S-GAF |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| SLB TOYS USA, INC. d/b/a TOY | ) | |
| QUEST, and MANLEY TOYS, LTD. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion for Partial Summary Judgment filed pursuant to Fed. R. Civ. P. 56. (Doc. # 94). Wal-Mart requests the Court grant summary judgment on Plaintiff Mark Grantham's ("Grantham") claim against it for breach of implied warranty of fitness for a particular purpose. *Id.* Grantham opposes. (Doc. # 124). For the reasons set forth below, Wal-Mart's Motion for Partial Summary Judgment is **GRANTED**.

## DISCUSSION

### I. FACTS

Count IV of Grantham's Petition for Damages ("Complaint") alleges that Wal-Mart breached an implied warranty of fitness for a particular purpose in the sale of a Banzai Falls inflatable in-ground pool-slide (the "Inflatable Slide") that is the subject of this lawsuit. (Complaint, ¶¶ 48-57). Prior to May 24, 2006, Justin Kochs ("Kochs"), Children's Pastor for the Central Assembly of God Church, contemplated purchasing a pool-slide for use at the "Church's Camp Sonrise in-ground

concrete pool." (*Id.* at ¶ 50). Around May 24, 2006, Kochs purchased the Inflatable Slide at a Wal-Mart store in Springfield, Missouri. (*Id.* at ¶ 49).

Prior to purchasing the Inflatable Slide, Kochs wanted to research the product and decided to go to a Wal-Mart store to read the information on the Inflatable Slide box and speak with an employee. (Deposition of Justin Kochs ("Kochs Depo."), 31:1-3). Kochs wished to read the box to try and decide whether the Inflatable Slide was suitable for Camp Sonrise's needs. (*Id.* at 32:1-2). The Inflatable Slide's box contains photographs depicting children using the product and some explanatory and descriptive text. (Doc. # 92-2). In addition to other text, the box contained the following: "Minimum Pool Depth - 5'"; and "Waterslide Weight Limit - 200lbs." (*Id.*). Finally, the safety instructions included in the Inflatable Slide's box, in part, stated, "do not allow any children under the age of five to use the slide to avoid the risk of serious injury, death or drowning." (Doc. # 95-3).

One day prior to purchasing the Inflatable Slide, Kochs claims he questioned a Wal-Mart employee about the Inflatable Slide. (Kochs Depo., 29:21-30:13; 31:3-4). Kochs cannot recall the name or gender of the Wal-Mart employee he claims he spoke with, but he recalls telling the Wal-Mart employee that Camp Sonrise's pool was concrete with fence around it, and that both "children and adults" would be using the Inflatable Slide. (*Id.* at 39:8-13). In his deposition, Kochs testified that his main concern was that the pictures on the box showed the Inflatable Slide being used in an area with "a lot of grass" and how that affected the setup. (*Id.* at 37:15-25). Kochs claims that the employee then informed him that he/she had witnessed the same Banzai Falls inflatable slide product Kochs eventually purchased in use at "a neighbor's house or a friend's house or something." (*Id.* at 39:24-40:6). The employee then allegedly told Kochs that the person he/she knew that had used the

2

product had a similar pool design to the one Kochs had described, and the product "worked for them." (*Id.* at 37:15-38:4; 40:1-12).

After Kochs purchased the Inflatable Slide, he read the product's instruction manual. (*Id.* at 40:18-41:7). Kochs testified in his deposition that nothing the Wal-Mart employee told him was different than the information contained on the Inflatable Slide box and in the instruction manual. (*Id.* at 41:2-11).

## II. LEGAL STANDARD

Fed. R. Civ. P. 56 addresses motions for summary judgment. Summary judgment should be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On summary judgment, a district court must view the facts "in the light most favorable to the nonmovant, giving it the benefit of all reasonable inferences to be draw from the facts." *Woodsmith Publ'g Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990).

## III. ANALYSIS

Mo. Rev. Stat. § 400.2-315 discusses how and when an implied warranty of fitness for a particular purpose may arise. Section 400.2-315 states:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods there is unless excluded or modified under section 400.2-316 an implied warranty that the goods shall be fit for such purpose.

Comment 1 to § 400.2-315, in part, states, "Whether or not this warranty arises in any individual case is basically a question of fact to be determined by the circumstances of the contracting." Comment 2 to § 400.2-315 aims to clarify the term "particular purpose," saying, in part:

3

> A "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains.

The Eighth Circuit has explained that the intended use need not be one-of-a-kind to meet the particularity requirements of § 400.2-315. *Ingram River Equip., Inc. v. Pott Indus., Inc.*, 816 F.2d 1231, 1233 (8th Cir. 1987). More specifically, the Court stated that "the key inquiry is not whether anyone else can be found who puts the goods to the same use, but whether the buyer's use is sufficiently different from the customary use of the goods to make it not an ordinary use of the goods." *Id.* at 1233-34.

Here, Wal-Mart argues that no implied warranty of fitness for a particular purpose was created because Kochs and Camp Sonrise used the Inflatable Slide for its ordinary purpose, i.e., as an inflatable in-ground pool-slide. (Docs. ## 94, 95). Grantham opposes by arguing that because (1) the pictures on the Inflatable Slide's box showed only pictures of children using the product, (2) the instructions referred to supervision of children when using the product, and (3) all the manufactures of the product sell "toys," the ordinary purpose of the Inflatable Slide was for use as an in-ground pool-slide only for children. Therefore, Grantham argues, the warranty of fitness for a particular purpose that Kochs received from the unknown Wal-Mart employee was that the Inflatable Slide was also fit for the particular purpose of use as an in-ground pool-slide for adults.

The evidence presented demonstrates that no material issues of fact exist regarding Grantham's implied warranty claim against Wal-Mart. Even when viewed in the light most

4

favorable to Grantham, Kochs's singular statement during his deposition that he allegedly told the unknown Wal-Mart employee the slide would be used by both children and adults is insufficient to create a factual issue on Grantham's implied warranty claim.

The ordinary purpose of the Inflatable Slide was use as an in-ground inflatable pool-slide. Based on the information provided only on the box, which Kochs testified he read and relied on when making his purchase, one can gather that the Inflatable Slide has a maximum weight limit of two-hundred pounds (200 lbs.) and should be used in a pool that is at least five (5) feet deep. Nowhere on the box was there anything stating the Inflatable Slide should be used only by children. Rather, that the Inflatable Slide must be used in at least five (5) feet of water and by a person weighting less than two-hundred pounds (200 lbs.) indicates that anyone, young or old, able to safely swim in five (5) feet or more of water and weighing less than two-hundred pounds (200 lbs.) could use the Inflatable Slide. Additionally, the safety instructions warn that no child under the age of five (5) should use the Inflatable Slide due to safety concerns, but no such warning regarding "adult" use of the product exists.

The evidence presented demonstrates that the ordinary purpose of the Inflatable Slide was for use as an in-ground inflatable pool-slide by persons weighing less than two-hundred pounds (200 lbs.), over the age of five (5), and able to swim in water deeper than five (5) feet. That is exactly the use Kochs sought, and he testified during his deposition that he did not learn anything about the product from the unknown Wal-Mart employee that he did not know after reading the material contained on and within the Inflatable Slide's box. No facts suggest that use of the Inflatable Slide by adults was a particular use distinct from the ordinary use of the product. The Court will not draw arbitrary distinctions between use by children and

5

use by adults where there is no evidence to suggest such distinctions are, in any way, relevant or warranted.

## **CONCLUSION**

Kochs and Camp Sonrise sought to purchase a pool-slide acceptable for use by children and adults at Camp Sonrise's concrete in-ground pool. Kochs went to a Wal-Mart store to research the Inflatable Slide. Kochs viewed and read the contents of the Inflatable Slide's box. Then he claims he spoke with an unknown Wal-Mart employee who Kochs testified told him no more than what he learned from the materials provided with the Inflatable slide. No fact in evidence suggests that the Inflatable Slide's ordinary use was limited to children as opposed to adults. Rather, the information on and in the Inflatable Slide's box indicates that anyone generally meeting limited age and weight limits may use the product for its ordinary use as an inflatable slide for in-ground pools. This was the purpose for which Kochs and Camp Sonrise purchased the Inflatable Slide, and no implied warranty of fitness for any other particular purpose was created. For these reasons, and those stated above, Wal-Mart's Motion for Partial Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                              s/ Gary A. Fenner
                                              Gary A. Fenner, Judge
                                              United States District Court

DATED: **July 19, 2010**